IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HANSEN,

    Petitioner,                    No. CIV S-09-2646 GEB DAD P

   vs.

M. MARTEL,

    Respondent.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole for one year at his third subsequent parole consideration hearing held on July 9, 2008. Petitioner claims that the Board's decision violated his federal constitutional right to due process. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. <u>Procedural Background</u>

        Petitioner is confined pursuant to a judgment of conviction entered in the San Diego County Superior Court in 1992. (Pet. (Doc. No. 1) at 35.) At that time petitioner was found guilty of second degree murder, in violation of California Penal Code § 187(a), and of

1  shooting into an inhabited dwelling, in violation of California Penal Code § 246.  (Id.)  On
2  August 10, 1992, petitioner was sentenced to state prison for a term of fifteen years to life with
3  the possibility of parole.  (Id.)

4  Petitioner's third subsequent parole consideration hearing, which is placed at issue
5  by the instant habeas petition, was held on July 9, 2008.  (Id. at 37.)[1]  Petitioner appeared at and
6  participated in this hearing.  (Id. at 40-100.)  Following deliberations held at the conclusion of the
7  hearing, the Board panel announced both their decision to deny petitioner parole for one years
8  and the reasons for that decision.  (Id. at 101-12.)

9  Thereafter, petitioner filed a petition for a writ of habeas corpus in the San Diego
10  County Superior Court, claiming that the Board's failure to find him suitable for parole at his
11  third subsequent suitability hearing violated his federal constitutional rights.  (Answer, Ex. 1,
12  Part 1 (Doc. No. 10-1.))  On March, 19, 2009, that court rejected petitioner's claims in a reasoned
13  decision on the merits.  (Answer, Ex. 2 (Doc. No. 10-3.))

14  Petitioner thereafter filed a habeas petition in the California Court of Appeal for
15  the First Appellate District.  (Answer, Ex. 3, Part 1 (Doc. No. 10-4.))  The California Court of
16  Appeal summarily denied that petition on June 3, 2009.  (Answer, Ex. 4 (Doc. No. 10-6.))
17  Petitioner next filed a habeas petition in the California Supreme Court.  (Answer, Ex. 5 (Doc.
18  No. 10-6.))  That petition was summarily denied on August 26, 2009.  (Answer, Ex. 6 (Doc. No.
19  10-6.))

20  On September 22, 2009, petitioner filed the federal habeas petition now before
21  this court.  (Doc. No. 1.)  Therein, petitioner contends that the Board's 2008 decision to deny him
22  parole violated his right to due process because it was not supported by "some evidence" that he
23  posed a current danger to society if released from prison, as required under California law.
24  /////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Respondent filed an answer on January 7, 2010. (Doc. No. 10.) Petitioner filed a traverse on January 19, 2010. (Doc. No. 13.)

On December 30, 2010, this court issued findings and recommendations which recommended that petitioner's habeas petition be granted. The undersigned found that there was no evidence before the Board at the July 9, 2008 hearing that petitioner posed a current danger to society if released from prison. (Doc. No. 14.) Accordingly, the court concluded that the decision of the state courts rejecting petitioner's due process claim was an unreasonable application of federal law. (Id.) However, on February 1, 2011, this court issued an order vacating the December 30, 2010 findings and recommendations in light of the United States Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) and advised the parties that new findings and recommendations would issue in due course. (Doc. No. 18.)

II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

3

person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout, 131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a

component of the federal due process standard.  Id. at 862-63.[2]  See also Pearson, 2011 WL 1238007, at *4.

III.  Petitioner's Claims

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2008 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law.  However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63[3]; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 ("While the Court did not define the minimum process

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

[3] For the reasons set forth in the undersigned's now vacated findings and recommendations of December 30, 2010, it appears that the state courts' decisions were arguably based upon an incorrect application of California's "some evidence" standard.  However, the United States Supreme Court has now clearly stated that even where a state's statutory scheme uses mandatory language and creates a presumption that parole release will be granted when or unless certain designated findings are made, thereby giving rise to a constitutional liberty interest, whether such a state law was correctly applied in denying parole "is no federal concern."  Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 863 (2011).

5

required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2008 parole suitability hearing. (Pet. at 40.) As noted above, the record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. It now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, the pending petition should be denied.

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: May 24, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
hansen2646.hc2

7